Larry E. BEASLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9308–CR–864.

Supreme Court of Indiana.

Dec. 5, 1994.

William L. Soards, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Larry E. Beasley guilty of attempted murder, a class A felony, Ind.Code Ann. § 35–41–5–1 (West Supp. 1994), § 35–42–1–1 (West Supp.1992), and adjudged him a habitual offender, Ind.Code Ann. § 35–50–2–8 (West Supp.1992). Beasley was sentenced to forty-five years in prison for attempted murder, to which thirty years was added for being a habitual offender.

■ Beasley asserts that the trial court committed fundamental error by failing to inform the jury that he must have intended to kill the victim to be convicted of attempted murder. We agree and reverse.

### I. Summary of the Facts

The facts most favorable to the judgment reveal that on April 11, 1992, Beasley argued with the victim, Beverlee Preston, in an Indianapolis night club. The two took the argument outside, where blows were exchanged. After the altercation, Beasley left the club, threatening to return and kill Preston. Approximately fifteen minutes later, Beasley did return and stabbed Preston in the chest with a knife.

### II. Was the Attempted Murder Instruction Defective?

In giving final instructions to the jury, the trial judge read Instruction 15, as follows:

A PERSON ATTEMPTS TO COMMIT A CRIME WHEN HE KNOWINGLY OR INTENTIONALLY ENGAGES IN CONDUCT THAT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE COMMISSION OF THE CRIME.

AN ATTEMPT TO COMMIT A CRIME IS A FELONY OR MISDEMEANOR OF THE SAME CLASS AS THE CRIME ATTEMPTED.

THE CRIME OF MURDER IS DEFINED BY STATUTE AS FOLLOWS:

A PERSON WHO KNOWINGLY OR INTENTIONALLY KILLS ANOTHER HUMAN BEING COMMITS MURDER.

TO CONVICT THE DEFENDANT OF ATTEMPTED MURDER, THE STATE MUST HAVE PROVED EACH OF THE FOLLOWING ELEMENTS:

THE DEFENDANT LARRY E. BEASLEY

(1) KNOWINGLY OR INTENTIONALLY.

(2) ENGAGED IN CONDUCT BY KNOWINGLY STRIKING WITH A DEADLY WEAPON, A KNIFE, THE PERSON OF BEVERLY PRESTON, RESULTING IN SERIOUS BODILY INJURY.

(3) WHICH CONDUCT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE *KNOWING OR INTENTIONAL* KILLING OF ANOTHER HUMAN BEING.

IF THE STATE FAILED TO PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THE DEFENDANT SHOULD BE FOUND NOT GUILTY.

IF THE STATE DID PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY OF ATTEMPTED MURDER, A CLASS A FELONY.

R. at 108 (emphasis added.) Beasley did not object to this instruction at trial and did not tender an alternative instruction on attempted murder.

Beasley contends that the use of Instruction 15 constituted reversible error, whether the issue was properly preserved or not. He argues that the instruction did not sufficiently inform the jury that it had to find he intended to kill Preston to convict him of attempted murder. Beasley cites an analogous instruction found erroneous in *Hill v. State* (1993), Ind., 615 N.E.2d 97.

The State concedes that the instruction in *Hill* was virtually identical to the one given in this case. *See id.* at 98. It contends nevertheless that Instruction 15 sufficiently informed the jury of the specific intent requirement and that even if the instruction was insufficient, the charging information remedied any deficiency.[1] Finally, the State argues that issue has not been preserved for appeal and that the error was not fundamental because the issue at trial was the identification of the perpetrator, not his intent.

■ To convict a defendant of attempted murder, the jury must find that the defendant acted with specific intent to kill when he or she took the substantial step towards committing the crime. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. By definition, there can be no "attempt" to perform an act unless there is a simultaneous intent to accomplish the act. *Spradlin v. State* (1991), Ind., 569 N.E.2d 948.

Although we reached varying conclusions on the adequacy of various attempted murder instructions during the 1980s, we settled the issue and overruled the conflicting case law in 1991. *Spradlin,* 569 N.E.2d at 951. *Spradlin* and its progeny established the strict rule that attempted murder instructions *must* include the required mens rea of specific intent. *See, e.g., Taylor v. State* (1993), Ind., 616 N.E.2d 748, 748–49. An instruction that purports to set forth the elements required for an attempted murder conviction must, therefore, specifically state that the jury is required to find that the defendant intended to kill the victim. Instructing the jury with a list of elements which suggests that it may convict on a lesser mens rea, such as "knowingly," constitutes error. *Spradlin,* 569 N.E.2d at 950–51; *see also, Hill,* 615 N.E.2d at 99.

■ Instruction 15 misstated the law when describing the mens rea requirement. This instruction states that if Beasley's conduct constituted a substantial step towards the "knowing or intentional" killing of Preston, he could be found guilty of attempted murder. It was error under *Spradlin.*

### III. Was the Error Fundamental?

■■ Where an issue is not properly preserved at trial, this Court will reach the merits of the case only if the error is fundamental. *See, e.g., Greer v. State* (1994), Ind., 643 N.E.2d 324. In such cases, we evaluate whether the instructions as a whole sufficiently informed the jury of the specific intent requirement. *See Hurt v. State* (1991), Ind., 570 N.E.2d 16. If the total instructions did not sufficiently inform the jury of the requirement, fundamental error occurred, and we reverse. If some other instruction adequately informed the jury of the specific intent requirement, however, the error was not fundamental. *Price v. State* (1992), Ind., 591 N.E.2d 1027.

■ Although we usually evaluate jury instructions as a whole, where the trial court lists the elements of attempted murder and includes an *incorrect* mens rea, this error cannot be cured by another instruction. *Greer,* 643 N.E.2d at 325.

Accordingly, use of Instruction 15 constituted fundamental error. The instruction told the jury it could convict Beasley of attempted murder if he *knowingly* acted against Preston. This, fundamental error occurred which cannot be cured by another instruction as the State contends.[2]

### IV. Can the Conviction Be Affirmed Because Intent Was Not the Central Issue at Trial?

■ Finally, the State argues for affirmance on grounds that the central issue in

---

1. The trial court read Instruction 3, the charging information, during preliminary instructions. This instruction stated that Beasley was charged with "knowingly attempting to kill another human being". R. at 90 (emphasis added.)

2. The State contends that the charging information, Instruction 3, cured the error contained in Instruction 15. The charging information did use the phrase "knowingly attempting to kill,"

which bears some resemblance to the collection of elements leading to an affirmance in *Jackson.* The real point of *Jackson,* however, was that one of the five elements in the instruction required a finding of "attempting to kill." There is no such element in Instruction 15 and one cannot stitch together such an element by borrowing words from here and there.

Beasley's trial was identification, rather than intent. The State relies on *Jackson v. State* (1991), Ind., 575 N.E.2d 617, to support this proposition. In *Jackson*, we affirmed in spite of an inadequate attempted murder instruction for two reasons: (1) the instruction required the jury to find the defendant was "attempting to kill" the victim, and (2) the identity of the perpetrator, not his intent, was the central issue at trial. *Id.* at 621.

Unlike the instruction in *Jackson*, Instruction 15 did not logically require the jury to conclude Beasley intended to kill Preston. Rather, it affirmatively misled the jury as to the required mens rea. The first precondition of *Jackson* was not met.

### V. Conclusion

We reverse Beasley's attempted murder conviction and remand this case for a new trial.

DeBRULER, DICKSON, and SULLIVAN, JJ., concur.

GIVAN, J., dissents without separate opinion.