Robert T. METCALFE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S02–9901–CR–7.

Supreme Court of Indiana.

Sept. 3, 1999.

John (Jack) F. Crawford, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rachel Zaffrann, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Robert M. Metcalfe arrives in this appeal with multiple convictions that flow from a late afternoon shoot-out over drugs. We reverse one conviction for instruction error and affirm the others.

### Factual Background and Procedural History

On July 29, 1994, Kenyatta Ray lost a fistfight to Troy McGee. Ray later told his brother Michael Stevenson about the altercation with McGee, and the two drove off together toward McGee's apartment to "holler at" McGee. (R. at 189.) When Ray and Stevenson arrived in front of McGee's, two men opened fire on their vehicle. Stevenson left the safety of his auto and headed for the trunk to retrieve an assault rifle and a handgun. While outside the car Stevenson was fatally shot in the head and chest. Ray suffered a gunshot wound to the finger.

The State charged Metcalfe, one of the gunmen, with murder, attempted murder and carrying a handgun without a license. The jury found Metcalfe guilty of reckless homicide, a lesser included offense of murder. It also found him guilty of attempted murder and carrying a handgun.

Metcalfe appealed his conviction on all counts. The Court of Appeals affirmed. *Metcalfe v. State*, 703 N.E.2d 198 (Ind.Ct. App. 1998). Due to an inadequate jury instruction on attempted murder, we grant transfer and reverse.

Metcalfe raises several issues on appeal. We only address one contention: whether the attempted murder instruction warrants reversal. The Court of Appeals correctly disposed of the other issues but one, and we

summarily affirm them on those issues. Ind. Appellate Rule 11(B)(3).

### I. The Attempted Murder Instruction Was Inadequate

■ Metcalfe correctly contends that the attempted murder jury instruction was erroneous. The instruction reads in pertinent part:

A person who knowingly kills another human being commits murder, a felony.

The elements of this offense are that the defendant must:

1. Knowingly
2. Kill
3. Another human being.

A person attempts to commit a crime when, acting with the intent required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

(R. at 97–99 (internal quotation marks omitted).) To sustain a conviction for attempted murder, the jury must be instructed that the accused *intended* to kill the victim and took a substantial step to do so. *See, e.g., Spradlin v. State,* 569 N.E.2d 948 (Ind.1991). Any jury instruction suggesting a lesser mens rea is inadequate. *See Beasley v. State,* 643 N.E.2d 346 (Ind.1994).

■ The attempted murder instruction given in this case is clearly insufficient, because it permits a conviction if Metcalfe *knowingly* attempted to kill.

### II. Failure to Object at Trial Was Not Detrimental

■ The State argues that the inadequacy in the instruction is waived, because Metcalfe failed to object on that basis at trial. Failure to challenge an instruction at trial generally forecloses presentation of a claim on appeal. Ind.Trial Rule 51(C); *see Beasley v. State,* 643 N.E.2d 346 (Ind.1994). We have generally regarded *Spradlin* claims, however, as presenting the potential for fundamental error. *See, e.g., Taylor v. State,* 616 N.E.2d 748 (Ind.1993). Accordingly, Metcalfe's failure to raise the attempted murder instruction objection at trial does not bar him from raising it now.

Instances of *Spradlin* error are not per se reversible. Indeed, we have held in some cases, typically post-conviction relief appeals, that error of this sort was not fundamental especially when the intent of the perpetrator was not a central issue at trial, *see Swallows v. State,* 674 N.E.2d 1317 (Ind.1996), or if the wording of the instruction sufficiently suggested the requirement of intent to kill, *Jackson v. State,* 575 N.E.2d 617, 621 (Ind.1991). In this case, however, while Metcalfe's identity as the perpetrator was unquestioned, his intent was very much open to debate, and the wording of the instruction does not otherwise suggest the intent requirement.

### Conclusion

For the aforementioned reasons, we affirm the convictions for reckless homicide and carrying a handgun without a license. We reverse the attempted murder conviction and remand for a new trial.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.