**Fairlis RAMSEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–9801–CR–33.

Supreme Court of Indiana.

Feb. 15, 2000.

---

Catherine M. Morrison, Wolf & Morrison, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Fairlis Ramsey was convicted of attempted murder for shooting his estranged wife in the head. He was also adjudicated a habitual offender. He seeks to have both adjudications set aside on grounds that the jury was not properly instructed on the intent necessary to be guilty of attempted murder. While the instruction was defective, it adequately informed the jury of the law in this regard. As such, we affirm.

This Court has jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

When Marcia Ramsey left her husband, Defendant Fairlis Ramsey, she moved back home with her father, William Washington. On the evening of December 8, 1996, Defendant went to Mr. Washington's home and asked to speak to Marcia Ramsey, but was told that she was not there. Eventually, Marcia's father let Defendant into the house.

Marcia came out of her bedroom to talk to Defendant. Defendant asked Marcia when she would move back home but Marcia told him it was too soon to talk. In response, Defendant brandished a handgun, aimed it at Marcia, and told her she was coming home with him. Marcia

screamed for her father to come into the room and tried to run away. Defendant fired his handgun and Marcia fell to the floor pretending to have been shot. Defendant walked over to Marcia, stood over her and fired another shot at her head. The shot grazed Marcia's head. Defendant then left the house.

Police officers were summoned to the house and found Marcia conscious but bleeding from a gunshot wound to the top of her head. On December 10, 1996, the State charged Defendant with Attempted Murder,[1] a Class A felony, and Carrying a Handgun Without a License,[2] a Class A misdemeanor. Later, on April 14, 1997, the State filed an information charging Defendant as a habitual offender. After finding Defendant guilty of attempted murder and carrying a handgun without a license, the jury also adjudicated Defendant to be a habitual offender.

## Discussion

### I

Defendant contends that the trial court improperly instructed the jury on the crime of attempted murder. The trial court's instruction was as follows:

A person attempts to commit murder when, acting with the culpability required for commission of Murder, he engages in conduct that constitutes a substantial step toward commission of Murder; which is to knowingly or intentionally kill another human being. The crime of attempted murder is a Class A felony.

To convict the defendant of Attempted Murder under Count I, the State must prove each of the following elements:

1. Ind.Code § 35–41–5–1 (1993).

2. *Id.* §§ 35–47–2–1 and 35–47–2–23 (Supp. 1995).

3. The trial court also read Instruction No. 15 to the jury:
A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

1. The defendant
2. knowingly
3. with specific intent to kill
4. engaged in conduct
5. which was a substantial step toward the commission of the crime of Murder; which is to knowingly or intentionally kill another human being.

If the State fails to prove each of these elements, you should find the defendant not guilty.

If the State does prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of the crime of Attempted Murder, a Class A Felony.

(R. at 109–10.)[3]

### A

Two decades ago, we explained the importance of the defendant possessing the specific intent to kill as a necessary element of attempted murder. *Zickefoose v. State,* 270 Ind. 618, 622, 388 N.E.2d 507, 510 (1979). We later explained that

[t]he attempt must be to effect the proscribed result and not merely to engage in proscribed conduct. An instruction which correctly sets forth the elements of attempted murder *requires an explanation* that the act must have been done with the specific intent to kill.

*Smith v. State,* 459 N.E.2d 355, 358 (Ind. 1984) (emphasis added). In 1991, we reaffirmed that attempted murder instructions must include the required mens rea of specific intent to kill. *Spradlin v. State,* 569 N.E.2d 948, 950 (Ind.1991) (holding

A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.
You are instructed that knowledge and intent, which are essential elements to be proved herein, may be inferred from the facts or circumstances as shown by the evidence.
*Id.* (R. at 123.)

that to convict a defendant of attempted murder, the defendant must have intended to kill the victim at the time the defendant took a substantial step toward committing murder).

■ Not long ago, we observed that "[i]t is the higher sentence range for attempted murder in combination with the ambiguity involved in the proof of that crime that justifies" what has become known as the "*Spradlin* rule" and "distinguishes other types of attempt prosecutions that involve either stringent penalties, or ambiguity, but not both." *Richeson v. State*, 704 N.E.2d 1008, 1011 (Ind.1998) (footnotes omitted). Imposition of the specific intent requirement reduces the risk of a wrongful conviction. *See Abdul–Wadood v. State*, 521 N.E.2d 1299, 1300 (Ind.1988) (Erroneous attempted murder instruction created a "serious risk of wrongful conviction.").

■ We have recently emphasized that *Spradlin* claim presents the potential for fundamental error. *Metcalfe v. State*, 715 N.E.2d 1236, 1237 (Ind.1999) (reversing attempted murder conviction on grounds of *Spradlin* error despite defendant's failure to object to the instruction at trial). See also *Taylor v. State*, 616 N.E.2d 748, 749 (Ind.1993), for a strong statement of this principle.[4]

### B

■ Here the first sentence of the trial court's instruction is erroneous. It says: "A person attempts to commit murder when, acting with the culpability required for commission of Murder, he engages in conduct that constitutes a substantial step toward commission of Murder; which is to knowingly or intentionally kill another human being." (R. at 109.) While the syntax makes the sentence difficult to follow, it indicates that a "knowing" mens rea is sufficient to establish guilt of attempted murder. This error is compounded when the court twice includes the word "knowingly" in its enumeration of the elements of the State's burden of proof. We have found fundamental error and reversed attempted murder convictions in a host of cases where the jury has been instructed that it could convict of attempted murder based on a "knowing" mens rea. *Metcalfe*, 715 N.E.2d at 1237; *Wilson v. State*, 644 N.E.2d 555 (Ind.1994); *Beasley v. State*, 643 N.E.2d 346 (Ind.1994); *Greer v. State*, 643 N.E.2d 324 (Ind.1994); *Simmons v. State*, 642 N.E.2d 511 (Ind.1994); *Taylor*, 616 N.E.2d 748; *Woodcox v. State*, 591 N.E.2d 1019 (Ind.1992).

■ The trial court should not have included the word "knowingly" in either the first sentence or the enumerated elements. But this language was not objected to and we narrowly conclude that no fundamental error has been established. First, despite the instruction's defects, the trial court enumerated "specific intent to kill" among the elements that the State was required to prove beyond a reasonable doubt. Second, the trial court read the jury the charging information which contains the proper mens rea.[5] Because the correct mens rea was enumerated both as an element in the charging instrument and as an element that the State was required to

---

**4.** *Metcalfe* did point out that

[i]nstances of *Spradlin* error are not per se reversible. Indeed, we have held in some cases, typically post-conviction relief appeals, that error of this sort was not fundamental especially when the intent of the perpetrator was not a central issue at trial, see *Swallows v. State*, 674 N.E.2d 1317 (Ind.1996), or if the wording of the instruction sufficiently suggested the requirement of intent to kill, *Jackson v. State*, 575 N.E.2d 617, 621 (Ind.1991).

*Metcalfe*, 715 N.E.2d at 1237. As in *Metcalfe*, Defendant's intent in this case is squarely at issue.

**5.** The charging information read: "Fairlis G. Ramsey, on or about December 8, 1996, did attempt to commit the crime of Murder which is, with intent to kill, Fairlis G. Ramsey did shoot a handgun at and against Marcia Ramsey, resulting in gunshot wounds to the head of Marcia Ramsey, which constituted a substantial step toward the commission of said crime of Murder." (R. at 106.)

prove beyond a reasonable doubt, we believe that the jury instructions, taken as a whole, sufficiently informed the jury of the State's burden of proving that the Defendant specifically intended to kill the victim. And while the presence of the "knowingly" language is highly problematic, this result does comport with three of our post-*Spradlin* decisions: *Yerden v. State*, 682 N.E.2d 1283 (Ind.1997); *Greenlee v. State*, 655 N.E.2d 488 (Ind.1995); and *Price v. State*, 591 N.E.2d 1027 (Ind.1992).[6]

## II

Ramsey also argues that the 30–year habitual offender enhancement imposed upon him should be vacated because the *Spradlin* error asserted *supra* renders the underlying attempted murder conviction invalid. Because we find no reversible error in that regard and because Defendant makes no other viable argument concerning the habitual offender enhancement, the enhancement is affirmed.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

DICKSON, J., concurs in result without separate opinion.

[6]. In *Yerden v. State*, 682 N.E.2d 1283 (Ind. 1997), we found that while the enumerated elements were erroneous, there was no fundamental error. The last two sentences of the attempted murder instruction required that the defendant "must have had specific intent to commit murder." *Id.* at 1285. On this basis we found that, taken as a whole, all instructions informed the jury that defendant had to have the intent to kill the victim. In *Greenlee v. State*, 655 N.E.2d 488 (Ind.1995), we also found no fundamental error. There the charging information essentially included intent to kill as an element. Coupled with the fact that defendant's instructions mentioned intent to kill, intent to commit murder, and specific intent at three different points, we found that the jury was adequately informed of the *Spradlin* rule. In *Price v. State*, 591 N.E.2d 1027 (Ind.1992), the jury was read the charging information which included intent to kill language. Again we found no fundamental error on grounds that the instructions taken as a whole succeeded in informing the jury that intent to kill is an element of the crime of attempted murder.