Albert J. HALL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A05–1003–CR–187.

Court of Appeals of Indiana.

Nov. 30, 2010.

Darren C. Chadd, Kirtley, Taylor, Sims, Chadd & Minnette, P.C., Lebanon, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Albert J. Hall was convicted after a jury trial of operating a motor vehicle as an habitual traffic violator ("HTV"),[1] a Class D felony. He appeals, raising the follow-

---

1. *See* Ind.Code. § 9–30–10–16.

ing restated issue: Whether the trial court committed fundamental error in its instruction on the *mens rea* element of the Habitual Traffic Violator Statute.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On April 28, 2008, Thorntown Police Officer Frank Clark stopped Hall's vehicle and arrested Hall for operating a motor vehicle as an HTV. *Appellant's App.* at 15. At trial, Hall did not dispute that he was an HTV or that he was driving a vehicle at the time he was stopped by Officer Clark, but rather, Hall argued that at the time Officer Clark stopped him, he did not know his license had been suspended. *Tr.* at 105–07. Although notice had been sent by the Bureau of Motor Vehicles (the "BMV"), Hall claims he did not receive notice of his suspension and that the street address in the BMV's records was misspelled. *Id.* at 102–03. Hall stated that his address was on Fairington Avenue, not Farington Avenue, the address listed in the BMV's records. *Id.*

In both the preliminary and final instructions, the trial court gave the following instruction to the jury as Instruction Number 5:

> The statute defining the offense of Operating a Motor Vehicle While Being an Habitual Traffic Violator which was in force at the time of the offense as charged in the Information reads in pertinent part as follows: A person who operates a motor vehicle after the person's driving privileges have been validly suspended as an Habitual Traffic Violator commits a Class D Felony.
>
> To convict the Defendant the State must prove each of the following elements beyond a reasonable doubt:
>
> That the Defendant

1. operated a motor vehicle

2. after his driving privileges were validly suspended as an Habitual Traffic Violator, and

3. he knew or *should have known* that his driving privileges were suspended.

> If the State does prove each of these elements beyond a reasonable doubt, you should find the Defendant guilty of Operating a Motor Vehicle as an Habitual Traffic Violator.
>
> If the State does not prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Operating a Motor Vehicle as an Habitual Traffic Violator.

*Appellant's App.* at 108, 125 (emphasis added). Both before the start of trial and before closing arguments, the trial court reviewed the proposed instructions with the parties. *Tr.* at 3–5, 123–25. Hall did not object to the above instruction or tender any alternative instruction. *Id.* The jury found Hall guilty of operating a motor vehicle as an HTV. *Appellant's App.* at 146. Hall now appeals.

## DISCUSSION AND DECISION

Prior to 2000, the HTV statute contained no *mens rea* requirement. Ind.Code § 9–30–10–16. Our Supreme Court interpreted the statute to require that a defendant knew or should have known that his license was suspended. *See Stewart v. State,* 721 N.E.2d 876, 879 (Ind.1999). In 2000, the Indiana General Assembly amended the statute to include a *mens rea* requirement. The amended statute prohibits a person from operating a motor vehicle while the person's driving privileges are validly suspended and "the person knows that the person's driving privileges are suspended." Ind.Code § 9–30–10–16(a)(1).

Hall contends that the trial court committed fundamental error when it instructed the jury that Hall should be found guilty if he "knew or should have known that his driving privileges were suspended" rather than instructing the jury that he should be found guilty only if he knew his driving privileges were suspended. The State concedes that the challenged instruction was error but contends that by failing to object or tender an alternative instruction, Hall waived his claim of error.

■ Failure to object to an instruction at trial typically results in waiver of the issue on appeal. *Clay v. State,* 766 N.E.2d 33, 36 (Ind.Ct.App.2002). If an instruction is so flawed that it constitutes fundamental error, however, waiver does not preclude review on appeal. *Id.* To qualify as fundamental, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.* Fundamental error is a substantial, blatant violation of due process. *Taylor v. State,* 717 N.E.2d 90, 93 (Ind.1999).

■ Our Supreme Court has found fundamental error where the jury was instructed that it could convict based on a lesser mens rea than that provided in the statute. See *Metcalfe v. State,* 715 N.E.2d 1236, 1237 (Ind.1999); *Wilson v. State,* 644 N.E.2d 555, 557 (Ind.1994); *Beasley v. State,* 643 N.E.2d 346, 348 (Ind.1994); *Greer v. State,* 643 N.E.2d 324, 326 (Ind. 1994); *Simmons v. State,* 642 N.E.2d 511, 513 (Ind.1994). However, error in an instruction on *mens rea* does not rise to the level of fundamental error where either the instructions as a whole sufficiently inform the jury of the required *mens rea* or the defendant's *mens rea* was not a central issue at trial. See *Ramsey v. State,* 723 N.E.2d 869, 872–73 (Ind.2000); *Yerden v. State,* 682 N.E.2d 1283, 1286 (Ind.1997); *Swallows v. State,* 674 N.E.2d 1317, 1318 (Ind.1996).

■ Here, the other instructions as a whole did not sufficiently inform the jury of the required *mens rea.* Final Instruction No. 4 provided the charging Information, which states that Hall "knowingly or intentionally" operated a vehicle while being an HTV, and Final Instruction No. 9 defined the terms "knowingly" and "intentionally." Neither of these instructions informed the jurors that to convict Hall the State had to prove that he operated a vehicle while knowing that his driving privileges were suspended. To the contrary, they were expressly told that in order to convict Hall, the State must prove that Hall "knew or should have known" that his driving privileges were suspended. *Appellant's App.* at 125. Moreover, *mens rea* was the central issue of Hall's trial. Hall did not dispute that he was an HTV or that he was driving when he was stopped. He only disputed that he knew of his suspension.

We hold that the trial court committed fundamental error in instructing the jury that it could convict on a lesser *mens rea* than that provided in the statute. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

RILEY, J., and BAILEY, J., concur.