**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Law Offices of Stephen Murphy, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED
Oct 10 2014, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

EDWARD IVY,                           )
                                      )
    Appellant-Defendant,             )
                                      )
       vs.                        )    No. 82A01-1404-CR-175
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.              )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1310-FA-1396

**October 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Edward Ivy appeals his conviction for class A felony attempted murder following a jury trial. The sole issue presented for our review is whether the State presented sufficient evidence to sustain Ivy's conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

On October 28, 2013, Jerald Clark was at home watching football with his friend, Robert Drake, when someone knocked on his front door. When Clark asked who it was, Ivy identified himself. Clark opened the door and let in Ivy and Antwain Russell, both of whom Clark had known for approximately one year. Clark sat down with his back toward Ivy and Russell, and began texting on his phone. Russell then approached Clark from behind and stabbed him with a knife. Russell told Clark, "you are going to leave my brother alone: Bitch I killed you this time you MF, you're a dead MF." Tr. at 18. Russell stabbed Clark multiple times. When Drake tried to stand up to help, Ivy pointed a gun at the back of his head and said, "[D]on't move." *Id*. at 199. Clark managed to push Russell aside and escape the residence. Ivy and Russell fled through the back door of the residence and chased after Clark. Clark made it to a neighbor's residence. The neighbor observed that blood was "pouring" and "squirting" out of Clark's neck, and "gushing" out of his arm and his back. *Id*. at 69-70. The neighbor called 911. When Clark arrived at the hospital, he was gray, unresponsive, and had no pulse. Emergency room personnel revived Clark with chest compressions. While at the hospital, Clark lost vital signs on at least one other occasion and

had to be revived again. Clark underwent surgery and remained in the hospital for approximately two and one-half weeks.

The State charged Ivy with class A felony attempted murder and class C felony intimidation. The State also charged Ivy with being a habitual offender. A jury trial was held on February 18 and 19, 2014. The jury found Ivy guilty as charged. Ivy admitted the habitual offender allegation and the trial court proceeded to sentencing. The court sentenced Ivy to thirty-five years for attempted murder to be served concurrently with a five-year sentence for intimidation. The trial court enhanced Ivy's attempted murder conviction by thirty years based upon the habitual offender finding, for an aggregate sentence of sixty-five years. This appeal ensued.

## Discussion and Decision

Ivy challenges the sufficiency of the evidence to support his attempted murder conviction as an accomplice.[1] When reviewing a challenge to the sufficiency of the evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

To convict a defendant of the crime of attempted murder, the State has the burden to prove that the defendant had the specific intent to kill. *Spradlin v. State*, 569 N.E.2d 948, 950-51 (Ind. 1991). In *Bethel v. State*, 730 N.E.2d 1242, 1246 (Ind. 2000), our supreme court

---

[1] Ivy does not challenge the sufficiency of the evidence to support his intimidation conviction.

established a similar requirement where an attempted murder case involves accomplice liability:

> to convict for the offense of aiding in an attempted murder, the State must prove: (1) that the accomplice, acting with the specific intent to kill, took a substantial step toward the commission of murder, and (2) that the defendant, acting with the specific intent that the killing occur, knowingly or intentionally aided, induced, or caused the accomplice to commit the crime of attempted murder.

The accomplice liability statute, Indiana Code Section 35-41-2-4, does not set forth a separate crime, but merely provides a separate basis of liability for the crime. *Hampton v. State*, 719 N.E.2d 803, 807 (Ind. 1999). Therefore, an individual who aids another person in committing a crime is as guilty of the crime as the actual perpetrator. *Id*.; *see* Ind. Code § 35-41-2-4 ("A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense.").

An accomplice need not participate in each and every element of the crime in order to be convicted of it. *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009). "The particular facts and circumstances of each case must be considered in determining whether a person participated in the commission of an offense as an accomplice." *Peterson v. State*, 699 N.E.2d 701, 706 (Ind. Ct. App. 1998). In determining whether a person aided another in the commission of a crime, a court should consider: (1) the defendant's presence at the scene of the crime; (2) the defendant's companionship with another engaged in criminal activity; (3) the defendant's failure to oppose the crime; and (4) the defendant's conduct before, during, and after the occurrence of the crime. *Garland v. State*, 788 N.E.2d 425, 431 (Ind. 2003).

4

The evidence most favorable to the jury's verdict reveals that Ivy accompanied Russell to Clark's residence. While at the residence, Russell approached Clark from behind and stabbed him. Russell told Clark, "you are going to leave my brother alone; Bitch I killed you this time you MF, you're a dead MF." Tr. at 18. Russell then stabbed Clark multiple times. When Clark's friend Drake tried to stand up from the couch and help, Ivy pointed a gun at the back of Drake's head and said, "[D]on't move." *Id*. at 199. After a critically injured Clark managed to escape, Ivy and Russell fled the residence together.

From this evidence, the jury could have reasonably concluded that Ivy was guilty of aiding in the attempted murder of Clark. Ivy's conduct before, during, and after the attempted murder support his conviction as an accomplice. We therefore affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.