

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jermaine McKinley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 6, 2015

Court of Appeals Case No.
49A02-1502-CR-78

Appeal from the Marion Superior Court

The Honorable David Seiter, Judge

Trial Court Cause No.
49G20-1405-FA-26498

**Robb, Judge.**

## Case Summary and Issue

Following a jury trial, Jermaine McKinley was convicted of dealing in cocaine as a Class A felony. McKinley appeals his conviction, raising one issue for our review: whether the trial court properly instructed the jury as to the requisite mental state for the offense of possession of cocaine with intent to deliver.

Finding no fundamental error in the instruction of the jury, we affirm McKinley's conviction for dealing in cocaine.

# Facts and Procedural History

Officers James Burton and David Carney of the Indianapolis Metropolitan Police Department arrested McKinley pursuant to an open arrest warrant on May 21, 2014. During a search incident to arrest, Officer Burton discovered five small baggies of suspected cocaine and $720 on McKinley's person.[1] After being read his *Miranda* rights, McKinley admitted the baggies contained cocaine and asked Officer Carney whether he could "just get rid of the drugs." Transcript at 48. Officer Carney said he could not do that but assured McKinley that he would be okay. McKinley responded, "No, I won't be, not with it all bagged up like that." *Id.* at 81-82. Forensic testing later confirmed McKinley had been in possession of 5.233 grams of cocaine.

The State charged McKinley with dealing in cocaine as a Class A felony and possession of cocaine as a Class C felony. The charging information alleged:

> COUNT I
> Jermaine McKinney [sic], on or about May 21, 2014, did *knowingly* possess with intent to deliver a controlled substance, that is: cocaine, in an amount greater than three (3) grams;

---

[1] McKinley was carrying mostly small bills: three $50 bills, twenty-seven $20 bills, one $10 bill, and four $5 bills.

COUNT II

Jermaine McKinney [sic], on or about May 21, 2014, did knowingly possess a controlled substance, that is: cocaine, in an amount greater than three (3) grams . . . .[2]

Appellant's App. at 19 (emphasis added).

[4] A jury trial was held on November 20, 2014. The trial court's preliminary jury instructions included the following instruction:

**Preliminary Instruction No. 4**

In this case, the State of Indiana has charged the Defendant with Count 1: Dealing in Cocaine; and Count 2: Possession of Cocaine.

The charges read as follows:

Count One: Jermaine McKinley, on or about May 21, 2014, did *knowingly* possess with intent to deliver a controlled substance, that is: cocaine, in an amount greater than three (3) grams;

Count Two: Jermaine McKinley, on or about May 21, 2014, did knowingly possess a controlled substance, that is: cocaine, in an amount greater than three (3) grams.

*Id.* at 46-47 (emphasis added).

---

[2] The charging information was orally amended prior to trial, from "McKinney" to "McKinley." Appellant's Appendix at 19; Tr. at 16. However, the sentencing order and Brief of Appellant refer to the Appellant as "McKinney." We refer to him as "McKinley," as the correction is noted in the transcript and on the charging information.

[5] During closing argument, the State echoed the trial court's preliminary instruction: "In order to find the defendant guilty of Count I, Dealing in Cocaine, you would have to believe that on or about May 21st, 2014, the defendant did *knowingly* . . . possess with the intent to deliver cocaine in the amount of three grams." Tr. at 180 (emphasis added). Closing arguments focused on McKinley's intent to deliver the cocaine found on his person, as McKinley had admitted to possessing the cocaine.

[6] Prior to jury deliberations, the trial court read additional instructions, which included in relevant part:

> **Final Instruction No. 4**
>
> Defendant is charged in Count I with the offense of Dealing in Cocaine, which is defined by statute as follows:
>
> A person who knowingly delivers or possesses with intent to deliver a controlled substance, that is: cocaine, in an amount greater than three (3) grams, commits Dealing in Cocaine.
>
> To convict the Defendant of Dealing in Cocaine, as charged in Count I, the State must have proved each of the following beyond a reasonable doubt: On or about May 21, 2014 Defendant
>
> 1. *knowingly*
> 2. possessed with intent to deliver
> 3. a controlled substance, that is: cocaine, pure or adulterated
> 4. in an amount greater than three (3) grams.
>
> If the State fails to prove each of these elements beyond a reasonable doubt, you should find the Defendant not guilty of

Dealing in Cocaine, as charged in Count I.

* * *

**Final Instruction No. 8**

A person engages in conduct "knowingly" if, when he engages in this conduct, he is aware of a high probability that he is doing so.

Appellant's App. at 51-53 (emphasis added). The trial court did not define "intent to deliver." Defense counsel neither requested additional instructions, nor objected to the trial court's instructions regarding the elements of possession of cocaine with intent to deliver.[3]

[7] The jury returned guilty verdicts on both counts. At sentencing, the trial court merged Count II into Count I and entered a judgment of conviction for dealing in cocaine as a Class A felony. The trial court sentenced McKinley to thirty-five years, with twenty years executed in the Indiana Department of Correction, fifteen years suspended, and two years of probation. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[8] The purpose of a jury instruction is to inform the jury of the law applicable to the facts and enable the jury to comprehend the case clearly so that it may

---

[3] Defense counsel's sole objection concerned an instruction defining "adulterated," but the trial court included that instruction over the defense objection. Tr. at 174-76.

arrive at a just, fair, and correct verdict. *Isom v. State*, 31 N.E.3d 469, 484 (Ind. 2015). McKinley was convicted of possession of cocaine with intent to deliver as a Class A felony. Indiana Code section 35-48-4-1 (2006) provides in relevant part:

> (a) A person who:
>    (1) knowingly or intentionally:
>       (A) manufactures;
>       (B) finances the manufacture of;
>       (C) delivers; or
>       (D) finances the delivery of;
>    cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II; or
>
>    (2) possesses, with intent to:
>       (A) manufacture;
>       (B) finance the manufacture of;
>       (C) deliver; or
>       (D) finance the delivery of;
>    cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;
>
> commits dealing in cocaine or a narcotic drug, a Class B felony, excepted as provided in subjection (b).
>
> (b) The offense is a Class A felony if:
>    (1) the amount of the drug involved weighs three (3) grams or more . . . .

[9] McKinley contends the jury instructions misstated the requisite mental state for possession of cocaine with intent to deliver. He argues the trial court erred by including the word "knowingly" as an element of the offense and thereby permitted the jury to convict him on the dealing charge without finding a

specific intent to deliver. Generally, a contemporaneous objection is required to preserve such an issue for appeal. *White v. State*, 846 N.E.2d 1026, 1033 (Ind. Ct. App. 2006), *trans. denied*. Our review of the record shows McKinley never objected to the court's instructions concerning the elements of possession with intent to deliver. Nonetheless, McKinley argues the alleged error was fundamental.

[10] The fundamental error exception is extremely narrow and applies only when an error constitutes a blatant violation of basic principles of due process. *Isom*, 31 N.E.3d at 490. The error must be "so prejudicial to the rights of a defendant a fair trial is rendered impossible." *White,* 846 N.E.2d at 1033. When determining whether an incorrect jury instruction amounts to fundamental error,

> we look not to the erroneous instruction in insolation, but in the context of all relevant information given to the jury, including closing argument and other instructions. There is no resulting due process violation where all such information, considered as a whole, does not mislead the jury as to a correct understanding of the law.

*Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind. 2002) (citations omitted).

## II.   Jury Instructions

[11] McKinley argues the trial court erred by including the word "knowingly" as an element of possession of cocaine with intent to deliver, "when by statute that crime requires specific intent rather than mere 'knowing' conduct." Brief of

Appellant at 7. He believes the State was required to prove "specific intent with respect to every material element of the offense: possession, delivery, weight, and intent that the substance was actually cocaine." *Id.* at 9 (citing Ind. Code § 35-41-2-2(d)). The State contends the "knowingly or intentionally" that appears in Indiana Code section 35-48-4-1(a)(1) applies to subsection (a)(2) as well.

[12] We disagree with both readings of Indiana Code section 35-48-4-1. As to the State's argument, subsections (a)(1) and (a)(2) are distinct subparts separated by the disjunctive conjunction "or." The "knowingly or intentionally" that appears in subsection (a)(1) does not modify subsection (a)(2). As to McKinley's argument, his reliance on Indiana Code section 35-41-2-2(d) is misplaced.

[13] Indiana Code section 35-41-2-2(d) provides: "Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Our supreme court has clarified the applicability of Indiana Code section 35-41-2-2(d) in the context of Indiana's child molesting statute:

> Indiana Code 35-42-4-3(b) provides in relevant part:
>
>> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

* * *

> Because the child molesting statute requires the jury to find, with respect to the element of "arouse or satisfy . . . sexual desires," defendant acted intentionally, the Court of Appeals and Defendant reason that Ind. Code § 35-41-2-2(d) requires "intentional" mental culpability with respect to every element of the child molesting offense. But the language of Ind. Code § 35-41-2-2(d) simply does not support this construction. Ind. Code § 35-41-2-2(d) requires that the level of mental culpability required for commission of the offense itself is required with respect to every element of the offense. Here, as we have seen, an "intentional" mental state is not required by the child molesting statute for commission of the offense, only for a single element of the offense. There is nothing in Ind. Code § 35-41-2-2(d) to suggest that the Legislature intended it to work in the opposite direction than it is written, *i.e.*, nothing to suggest that the Legislature intended that if a kind of culpability is required for one (but only one) material element of the prohibited conduct, it is required for commission of the offense and every material element of it.

*Louallen v. State*, 778 N.E.2d 794, 795-98 (Ind. 2002) (holding "[i]t is sufficient that a jury find that a defendant 'knowingly' performed the alleged fondling or touching in order to convict" and "[t]he trial court did not err when it instructed the jury that the defendant could be convicted [of child molesting] under Ind. Code § 35-42-4-3(b) for 'knowingly or intentionally' fondling or touching a child with intent to arouse or gratify himself or the child").

[14]   In addition, we recently held in *Bookwalter v. State*, 22 N.E.3d 735, 741-42 (Ind. Ct. App. 2014), *trans. denied*, that possession of heroin with intent to deliver may be enhanced to a Class A felony based on "the amount of the drug

involved" without "proof of intent to deliver a specific weight of drugs."[4] Applying the reasoning of *Louallen* and *Bookwalter*, we disagree with McKinley's contention that specific intent is required with respect to every element of possession of cocaine with intent to deliver as a Class A felony. And although the word "knowingly" does not appear in Indiana Code section 35-48-4-1(a)(2), we furthermore conclude the jury instructions in the present case do not constitute fundamental error.

[15] In the context of attempted murder, it is well-established jury instructions must include the mens rea of specific intent to kill and should not include the word "knowingly." *Ramsey v. State*, 723 N.E.2d 869, 871-73 (Ind. 2000) (citing *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind. 1991)). Our supreme court has concluded "[a]ny jury instruction suggesting a lesser mens rea is inadequate," *Metcalfe v. State*, 715 N.E.2d 1236, 1237 (Ind. 1999), and "presents the potential for fundamental error," *Ramsey*, 723 N.E.2d at 872. Yet, even in cases of a "clear *Spradlin* error," a conviction will not be vacated if "(i) the intent of the perpetrator was not a central issue at trial; (ii) the instructions as a whole sufficiently suggested the requirement of intent to kill; or (iii) both." *Rosales v. State*, 23 N.E.3d 8, 12 (Ind. 2015) (citation omitted).

[16] In *Ramsey*, our supreme court found no fundamental error in the following jury instruction:

---

[4] Heroin is a Schedule I narcotic drug. Ind. Code § 35-48-2-4 (a), (c).

> A person attempts to commit murder when, acting with the culpability required for commission of Murder, he engages in conduct that constitutes a substantial step toward commission of Murder; which is to knowingly or intentionally kill another human being. The crime of attempted murder is a Class A felony.
>
> To convict the defendant of Attempted Murder under Count I, the State must prove each of the following elements:
>
>   1. The defendant
>   2. knowingly
>   3. with specific intent to kill
>   4. engaged in conduct
>   5. which was a substantial step toward the commission of the crime of Murder; which is to knowingly or intentionally kill another human being.
>
> If the State fails to prove each of these elements, you should find the defendant not guilty.
>
> If the State does prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of the crime of Attempted Murder, a Class A felony.

723 N.E.2d at 871. Our supreme court concluded "[t]he trial court should not have included the word 'knowingly' in either the first sentence or the enumerated elements," but found no fundamental error because the correct mens rea was listed as an element the State was required to prove beyond a reasonable doubt, and as an element of the offense in the charging information, which was also read to the jury. *Id.* at 872. "[T]he jury instructions, taken as a

whole, sufficiently informed the jury of the State's burden of proving that the Defendant specifically intended to kill the victim." *Id.* at 873.

[17] Likewise, assuming "knowingly" should not be included in a jury instruction on the elements of possession with intent to deliver,[5] we believe the instructions in the present case sufficiently inform the jury of the requirement of intent to deliver. "Intent to deliver" was listed as an element of the offense during preliminary jury instructions, the State's closing argument, and final jury instructions. Moreover, closing arguments from both sides focused almost exclusively on whether the State had established McKinley's intent to deliver. The State emphasized the way the cocaine was packaged "ready to sell," the twenty-seven $20 bills on McKinley's person, and the absence of paraphernalia or any other signs of personal use. Tr. at 180-84. Defense counsel claimed McKinley was a user, not a dealer. Defense counsel argued McKinley had just received his income tax return and fell victim to the "Sam's Club effect": "You go and buy in bulk [and] you get it cheaper." *Id.* at 188.

[18] Under of the facts of this case, intent to deliver was the central issue at trial. Although defining "intent to deliver" may have been preferable, terms in common use that can be understood by a person of ordinary intelligence do not

---

[5] The State cites several cases in which this court has stated Indiana Code section 35-48-4-1(a)(2)(C) requires the State to prove that a defendant "knowingly" possessed cocaine with intent to deliver. *See, e.g.*, *Thompson v. State*, 966 N.E.2d 112, 122 (Ind. Ct. App. 2012), *trans. denied*; *Upshaw v. State*, 934 N.E.2d 178, 183 (Ind. Ct. App. 2010), *trans. denied*; *Turner v. State*, 878 N.E.2d 286, 295 (Ind. Ct. App. 2007), *trans. denied*; *Stokes v. State*, 801 N.E.2d 1263, 1271 (Ind. Ct. App. 2004), *trans. denied*.

always need to be defined. *Manley v. State*, 656 N.E.2d 277, 279 (Ind. Ct. App. 1995), *trans. denied*. Reading the jury instructions as a whole and in the context of all the information given to the jury, we cannot say the instructions were misleading regarding the requirement of intent to deliver. Accordingly, we find no fundamental error in the trial court's instruction of the jury.

# Conclusion

The trial court did not commit fundamental error when it instructed the jury that McKinley could be convicted under Indiana Code section 35-48-4-1(a)(2)(C) for "knowingly" possessing cocaine with intent to deliver. McKinley's conviction for dealing in cocaine is therefore affirmed.

Affirmed.

Vaidik, C.J., and Pyle, J., concur.