# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2015, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jimmie Hair, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 15, 2015

Court of Appeals Cause No.
03A01-1502-CR-65

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1406-FA-2794

**Barnes, Judge.**

# Case Summary

Jimmie Hair appeals his convictions for Class A felony attempted murder and Class B felony unlawful possession of a firearm by a serious violent felon. We affirm.

# Issue

Hair raises one issue, which we restate as whether the manner in which the jury was instructed resulted in fundamental error.

# Facts

On June 13, 2014, Hair got in an argument over the phone with Ericxon Rosado. The argument escalated into a fist fight between the two men later that day. The fight ended when police arrived at the scene.

On June 16, 2014, Hair was walking in Columbus with a friend, Dai'von Corum, and saw Rosado sitting in the rear passenger seat of a car parked on the street. Hair, who had a key to his girlfriend's car, used her gun, which she kept in her locked car, to shoot at Rosado three or four times. Rosado was shot in the neck, and the cellphone in his hand was also struck by a bullet. After the shooting, Hair gave the gun to his girlfriend and asked her to "get rid of it." Tr. p. 106. Rosado survived the shooting.

On June 23, 2014, the State charged Hair with Class A felony attempted murder, Class B felony aggravated battery, and Class B felony unlawful possession of a firearm by a serious violent felon. Hair was tried by a jury and

found guilty as charged. The trial court entered convictions on the attempted murder and possession of a firearm charges. Hair now appeals.

## Analysis

[6] Hair argues that the jury was improperly instructed on specific intent as it related to the attempted murder charge, resulting in fundamental error. Hair did not object to the trial court's final instructions and acknowledges that the issue is reviewed for fundamental error. The fundamental error exception to the doctrine of waiver is extremely narrow and applies only when an error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Lewis v. State*, 34 N.E.3d 240, 246 (Ind. 2015).

[7] In *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind. 1991), our supreme court held:

> that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

The court reversed Spradlin's attempted murder conviction because:

> Nowhere in the instructions is there a requirement that the State prove that the Spradlins, at the time that they struck, stabbed and cut the victims, intended to kill such victims. . . . Simply stated, in order to attempt to commit a crime, one must intend to commit that crime while taking a substantial step toward the commission of the crime.

*Spradlin*, 569 N.E.2d at 951.

[8]     Here, after the close of evidence, the parties reviewed the trial court's final instructions and discussed each one.[1]  Regarding the instruction defining attempted murder, Hair's attorney requested that the instruction be modified. He stated:

> [Defense Counsel]: . . . it says a person attempts to commit murder when acting with a specific intent to kill the person.  I would say that then it should read he knowingly or intentionally engages in conduct that constitutes a substantial step toward killing that person a Class A felony.  Reason being . . . this seems to be a combined instruction of both murder and then the attempt statute I think there, there's well I know there's specific intent to kill is knowingly or intentionally engaging in that conduct I think that's what the statute reads I think that should be in there.
>
> [Prosecutor]:     Judge, I'm pulling up the statute to see what it says.
>
> [Defense Counsel]: Knowingly or intentionally kill somebody.

---

[1]  It is not entirely clear whose proposed jury instructions the parties were discussing.  The State's attempted murder instruction is included in Hair's appendix, and it does not use the term "knowingly or intentionally." Regardless, it is clear from the transcript that Hair requested the term "knowingly and intentionally" be added.

[Prosecutor:]          Yeah.  So where are you wanting the knowing and intentionally?

[Defense Counsel:] He knowingly or intentionally engages in conduct.

\* \* \* \* \*

[Defense Counsel]: I agree with the numbering and then um since he [sic] firing the handgun was the knowingly or intentionally I would say did knowingly or intentionally fire a handgun in the direction of Ericxon Rosado.

Tr. pp. 269-70.  Pursuant to this request, Final Instruction No. 18 provided in part:

A person attempts to commit murder when, acting with the specific intent to kill another person, he knowingly or intentionally engages in conduct that constitutes a substantial step toward killing that person.

To convict the defendant, the State must have proved each of the following elements beyond a reasonable doubt:

1.      The defendant

2.      Acting with the specific intent to kill Ericxon Rosado.

3.      Did knowing or intentionally fire a handgun in the direction of Ericxon Rosado.

4. Which was conduct constituting a substantial step toward the commission of the intended crime of killing Ericxon Rosado.

App. p. 132.

[9] Hair contends this instruction made it difficult, if not impossible, for the jury to comprehend that, to convict Hair of attempted murder, it must find he acted with the specific intent to kill and that, to convict Hair of aggravated battery, the knowingly or intentionally standard applied. He claims this was compounded by the use of the "knowingly and intentionally" language in the instruction outlining the elements of attempted murder.

[10] In response, the State asserts that, because Hair requested that the "knowingly or intentionally" language be added to the instruction, he invited any error associated with the instruction. The invited error doctrine is grounded in estoppel and forbids a party from taking advantage of an error that he or she commits, invites, or which is the natural consequence of his or her own neglect or misconduct. *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014), *cert. denied*. We agree with the State that, by asking that "knowingly or intentionally" be inserted into the instruction, Hair cannot now take advantage of that error by arguing that the jury was improperly instructed. *See Williams v. State*, 735 N.E.2d 785, 789 (Ind. 2000) (referring to a challenge to an attempted murder instruction as "interesting," but not available on appeal because the instruction was given as modified per the request of the defense).

[11] Even if the modification requested by Hair were not invited error, he has not established fundamental error in the manner in which the jury was instructed. Our supreme has explained that *Spradlin* errors are not per se reversible, especially when the intent of the perpetrator was not a central issue at trial or if the wording of the instruction sufficiently suggested the requirement of intent to kill. *Metcalfe v. State*, 715 N.E.2d 1236, 1237 (Ind. 1999).

[12] Here, Final Instruction No. 18 twice informed the jury that one must act with the specific intent to kill when he or she commits a substantial step toward the murder. In its final instructions, the trial court also read the charges, which alleged in part that Hair, "acting with the specific intent to kill Ericxon Rosado, did fire a handgun in the direction of Ericxon Rosado, which was conduct constituting a substantial step toward the commission of the intended crime of killing Ericxon Rosado." App. p. 131. Further, the jury was instructed on the elements of the battery, and the terms "knowingly" and "intentionally" were defined for the jury. Thus, the instructions as a whole explained the specific intent requirement to the jury.[2]

[13] Moreover, although Hair claims on appeal that his identity was not an issue, his theory of the case at trial was that Corum shot Rosado. *See* App. p. 292

---

[2] Hair urges us not to consider the other final instructions in conducting our fundamental error analysis. He cites *Beasley v. State*, 643 N.E.2d 346, 348 (Ind. 1994), which acknowledged that jury instructions are evaluated as a whole unless "the trial court lists the elements of attempted murder and includes an *incorrect* mens rea[.]" *Beasley* is not applicable here where Hair also argues that the final instructions as a whole did not clearly distinguish between the mens rea for attempted murder and battery.

(arguing in closing "Corum is we believe who shot Ericxon").  Because intent was not at issue and the instructions as a whole repeatedly referenced the necessity of a specific intent to kill Ericxon, the manner in which the jury was instructed was not fundamental error.

## Conclusion

Because Hair requested the language about which he now complains, he invited any error associated with the language.  Even if it were not invited error, the wording of the instruction was not fundamental error.  We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.