**Larry E. CLAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0107–CR–488.**

Court of Appeals of Indiana.

April 11, 2002.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge.

Larry E. Clay ("Clay") was convicted of two counts of Class C felony battery,[1] aggravated battery, as a Class B felony,[2] and attempted murder,[3] a Class A felony, in Tippecanoe Superior Court. The trial court merged the two C felony battery convictions and the B felony aggravated battery conviction into the attempted murder conviction and sentenced Clay to serve thirty-five years in the Department of Correction, with five years suspended, and five years to be served on supervised probation. He appeals arguing that the trial court committed fundamental error when it instructed the jury that the State had to prove that Clay had the "conscious purpose of killing" the victim before Clay could be found guilty of attempted murder.

We affirm.

**Facts and Procedural History**

Clay was married to Renee Clay ("Renee"), and they lived in an apartment in Lafayette, Indiana with their three children. Renee also had two children from previous relationships who resided with them. On July 12, 2000, Renee returned to their apartment after spending the afternoon at the library. Upon her return, an argument ensued, and Clay proceeded to strike Renee in the head with two cordless telephones. He then grabbed Renee by her hair and dragged her into the kitchen.

While in the kitchen, Clay grabbed a knife and stabbed Renee. He also told her that he was going to kill her, and then he was going to kill himself. Clay hit Renee repeatedly and stabbed her again. After repeating his threat to kill her, Clay began choking Renee and stabbed her for a third time. Renee was eventually able to get away from Clay, and she ran to a downstairs apartment for help after telling her children to follow her. The downstairs neighbor let Renee and her children into the apartment and called 911. The neighbor then watched as Clay went out to his car and drove away. Renee was taken to the hospital and surgery was performed, which revealed three deep abdominal stab wounds.

Clay was charged with attempted murder, a Class A felony, battery with a deadly weapon, a Class C felony, battery resulting in serious bodily injury, a Class C felony, and aggravated battery, a Class B felony. On June 6, 2001, after a two-day jury trial, Clay was found guilty of all four charges. A sentencing hearing was held on July 17, 2001. At the hearing, the trial court merged the two Class C battery convictions and aggravated battery conviction into the attempted murder conviction and ordered Clay to serve thirty-five years in the Department of Correction with five years suspended and five years to be served on supervised probation. Clay appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

■ Clay argues that the trial court committed fundamental error when it instructed the jury that the State had to prove that Clay had the "conscious purpose of killing" Renee before Clay could be found guilty of attempted murder. At tri-

---

1. Ind.Code § 35–42–2–1 (1998 & Supp.2002).

2. Ind.Code § 35–42–2–1.5 (1998).

3. Ind.Code § 35–42–1–1 (1998); Ind.Code § 35–41–5–1 (1998).

al, Clay affirmatively stated that he had no objection to the attempted murder instruction. Appellant's App. p. 208. Failure to object to an instruction at trial results in waiver of the issue on appeal. *See Brown v. State*, 691 N.E.2d 438, 444 (Ind.1998).

However, to avoid waiver of this issue, Clay argues that the given instruction constitutes fundamental error. Fundamental error is a substantial, blatant violation of due process. *Taylor v. State*, 717 N.E.2d 90, 93 (Ind.1999). To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995).

In *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991), our supreme court determined that an attempted murder instruction "which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with the intent to kill the victim, engaged in conduct which was a substantial step toward such killing." A jury should not be instructed that a "knowing" mens rea is sufficient to establish guilt of attempted murder, and our supreme court has found fundamental error and reversed attempted murder convictions where the jury was instructed that it could convict of attempted murder based on a "knowing" mens rea. *See Metcalfe v. State*, 715 N.E.2d 1236, 1237 (Ind.1999); *Wilson v. State*, 644 N.E.2d 555, 557 (Ind.1994); *Beasley v. State*, 643 N.E.2d 346, 348 (Ind. 1994); *Greer v. State*, 643 N.E.2d 324, 326 (Ind.1994); *Simmons v. State*, 642 N.E.2d 511, 513 (Ind.1994). However, error in an attempted murder instruction does not rise to the level of fundamental error where either 1) the instructions as a whole sufficiently inform the jury of the requirement of intent to kill; and/or 2) the intent of the perpetrator was not a central issue at trial.

*See Ramsey v. State*, 723 N.E.2d 869, 872–73 (Ind.2000); *Metcalfe*, 715 N.E.2d at 1237; *Yerden v. State*, 682 N.E.2d 1283, 1286 (Ind.1997); *Swallows v. State*, 674 N.E.2d 1317, 1318 (Ind.1996).

In this case, the following attempted murder instruction was given to the jury:

The crime of attempted murder is defined as follows: A person attempts to commit a murder when, *acting with the conscious purpose of killing another person,* he engages in conduct that constitutes a substantial step toward killing that person.

To convict the Defendant, Larry E. Clay, of attempted murder, as charged in Count I, the State must have proved each of the following elements:

The Defendant

1. *acting with the conscious purpose of killing Renee Clay*
2. knowingly or intentionally stabbed her
3. which was conduct constituting a substantial step toward the commission of the intended crime of killing Renee Clay.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the Defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the Defendant guilty of the crime of attempted murder, a felony.

Appellant's App. p. 34 (emphases added). The State argues that "[a]lthough the phrase, 'specific intent to kill' is not included [in the instruction], the words, 'conscious purpose of killing' details the same intent to kill[,]" and therefore, no fundamental error has occurred. Br. of Appellee at 5.

The instruction at issue reflects Indiana Pattern Jury Instruction 2.01(a), which reads in pertinent part as follows:

The crime of attempted murder is defined as follows: A person attempts to commit a murder when, acting with the conscious purpose of killing another person, he engages in conduct that constitutes a substantial step toward killing that person.

To convict the Defendant of attempted murder, the State must have proved each of the following elements:

The Defendant:

1. acting with the conscious purpose of killing [name victim]

2. did [set out conduct charged as substantial step]

3. which was conduct constituting a substantial step toward the commission of the intended crime of killing [name victim].

Ind. Pattern Jury Instruction (Criminal) 2.01(a) (2nd ed. 1991 & Supp.1999). In the comments to the pattern jury instruction, the drafters acknowledged our supreme court's decision in *Spradlin* and stated:

[t]o avoid confusing the statutory culpability term "intentionally" with other senses of "intent," the preceding instruction uses the "conscious purpose" statutory definition of "intentionally" rather than the term "intentionally" itself.

*Id.*[4]

Recently, this court suggested that parties dealing with this issue refer to this pattern instruction because of the "continuing confusion over how to properly instruct a jury with regard to attempted murder." *Booker v. State,* 741 N.E.2d 748, 754 n. 7 (Ind.Ct.App.2000). However, our supreme court has suggested that a more straightforward version of this instruction might read, "the defendant, acting with intent to kill a human being, did...." *Williams v. State,* 735 N.E.2d 785, 789 n. 4 (Ind.2000).

■■■■ The American Heritage Dictionary defines "conscious" as "intentionally conceived or done; deliberate." American Heritage Dictionary of the English Language (4th ed. 2000). Purpose is defined as "a result or effect that is intended or desired; an intention." *Id.*[5] We hold that the meaning of the phrase "conscious purpose" is equivalent to the mens rea of "specific intent." For this reason, the use of the phrase "conscious purpose" in an attempted murder instruction does not constitute fundamental error[6] because it has the same meaning as "specific intent" and informs the jury that the State must prove that the defendant intended to kill the victim.[7]

■■■■ Defendant also argues that the trial court committed fundamental error when it instructed the jury that the State must prove, as one of the elements of the crime, that he "knowingly or intentionally

---

**4.** Indiana Code section 35–41–2–2 provides "a person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so."

**5.** Similarly, intent is defined as "something that is intended; an aim or purpose." *Id.*

**6.** *But see Hopkins v. State,* 747 N.E.2d 598, 609 (Ind.Ct.App.2001), *trans. denied,* where another panel of our court determined that the trial court adequately instructed the jury with regard to specific intent "even if the trial

court improperly added the phrase 'conscious purpose.'"

**7.** However, while we have determined that it is not fundamental error to use the phrase "conscious purpose," confusion and needless appeals could be avoided if courts would use the phrase "specific intent," which is consistent with the *Spradlin* decision, or "acting with intent to kill a human being" under *Williams,* when instructing juries.

stabbed" Renee. Appellant's App. p. 34. Our supreme court has held on numerous occasions that trial courts should not include the word "knowingly" in attempted murder instructions because a jury should not be instructed that it can convict of attempted murder based on a knowing mens rea. *See e.g. Ramsey,* 723 N.E.2d at 872; *Yerden,* 682 N.E.2d at 1285. However, where the trial court enumerates "specific intent to kill" among the elements that the State is required to prove, and/or the instructions as a whole inform the jury of the required "specific intent" mens rea for attempted murder, there is no fundamental error. *See id.*

In this case, the attempted murder instruction informed the jury that the State had to prove that Clay acted "with the *conscious purpose of killing* Renee Clay," and that he stabbed her, which was conduct that constituted "a substantial step toward the commission of the *intended crime of killing* Renee Clay." Appellant's App. p. 34 (emphasis added). This jury instruction, as a whole, adequately informed the jury that the State was required to prove that Clay had the specific intent to kill Renee.

Under these facts and circumstances, the trial court did not commit fundamental error when it gave the jury instruction at issue.

Affirmed.

BROOK, C.J., and RILEY, J., concur.