**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2013, 8:42 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRUCE ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1209-CR-482 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Andrea K. McCord, Special Judge
Cause No. 53C09-1101-CM-232

**March 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Bruce Anderson appeals his conviction of battery resulting in bodily injury, a Class A misdemeanor. Ind. Code § 35-42-2-1 (2009). We affirm.

## ISSUE

Anderson raises one issue, which we restate as: whether the trial court committed fundamental error in instructing the jury.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of December 20, 2010, Beth Barnett asked Albert Rizzo to help her with a writing project. Barnett was staying at Anderson's apartment. When Rizzo arrived, Anderson was using a computer in his bedroom. Barnett and Rizzo entered Anderson's bedroom and began to discuss a movie Rizzo had seen. Anderson told them to quiet down or go into another room.

Barnett and Rizzo went into another room and finished their conversation, and Rizzo returned to Anderson's bedroom. Rizzo started to talk, and Anderson told him to be quiet. Anderson appeared to be angry, and Rizzo asked him if he needed help. Anderson rejected Rizzo's offer of assistance, picked up an empty plastic bottle, and threw it at Rizzo. Rizzo picked up the bottle and threw it over Anderson's shoulder. In response, Anderson stood up and grabbed Rizzo by the throat. Next, Anderson pushed Rizzo out of the bedroom and onto the floor, climbed onto him, and punched him in the face several times until Barnett told Anderson to stop. Anderson then stood up, grabbed a stick, and threatened to do more harm unless Rizzo left. Rizzo went back to his apartment and called the police.

The State charged Anderson with battery resulting in bodily injury. A jury determined that Anderson was guilty as charged, and the court sentenced him to time served. This appeal followed.

DISCUSSION AND DECISION

The trial court instructed the jury on self-defense in relation to protecting one's person, but not as to protecting one's dwelling. Anderson contends that the jury should have been instructed on protection of one's dwelling because he believed he was defending his home from Rizzo. However, during a conference outside the presence of the jury, the parties discussed whether the jury should be instructed on the defense of protecting one's dwelling. The court indicated that it would use a pattern instruction addressing defense of "the person, not the dwelling." Tr. p. 220. The court asked if anyone objected, and Anderson said, "No, that's fine." *Id.* at 219. Failure to object to a jury instruction issue at trial results in waiver of the issue on appeal. *Clay v. State*, 766 N.E.2d 33, 36 (Ind. Ct. App. 2002). Therefore, the matter is waived.

Anderson argues that the court's failure to instruct the jury on the defense of protecting one's dwelling amounted to fundamental error. A litigant may avoid waiver by demonstrating that failure to give an instruction constitutes fundamental error. *Id.* Fundamental error is a substantial, blatant violation of due process. *Id.* To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.*

The statute that governs defense of one's person or dwelling provides, in relevant part:

3

A person:

> (1) is justified in using reasonable force, including deadly force, against another person; and
> (2) does not have a duty to retreat;

> if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

Ind. Code § 35-41-3-2 (2006). When determining whether a trial court should have given an instruction, we consider: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions that are given. *Springer v. State*, 798 N.E.2d 431, 433 (Ind. 2003). Moreover, a defendant in a criminal case is entitled to have the jury instructed on any theory of defense that has some foundation in the evidence. *Howard v. State*, 755 N.E.2d 242, 247 (Ind. Ct. App. 2001). We apply this rule even if the evidence is weak and inconsistent so long as the evidence presented at trial has some probative weight to support it. *Id.*

Considering all of the evidence in the current case, including Anderson's testimony in his own defense, there is no evidence to support a defense of protecting one's dwelling. Rizzo was not on the property unlawfully because Barnett had invited him there, and Anderson conceded Barnett had the authority to issue such an invitation. In addition, Rizzo threw an empty water bottle at Anderson, which may have justified the jury instruction on defense of one's person, but Rizzo did not in any way attack or damage Anderson's dwelling. Finally, Anderson had already attacked Rizzo by the time he told Rizzo to leave the apartment, so Rizzo's right to be on the property had not been

4

revoked at the time of the battery. Given the total lack of evidence of an unlawful presence or a threat to Anderson's dwelling, there would have been no reason to instruct the jury on the defense of protecting one's home. *See id.* at 248 (holding that the trial court properly refused to instruct the jury on self-defense where there was no evidentiary support in the record). Consequently, there is no error, much less fundamental error.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and BARNES, J., concur.