## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 19 2017, 6:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Arbie Clay, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 19, 2017

Court of Appeals Case No.
34A04-1702-CR-282

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1604-F5-93

**Bailey, Judge.**

# Case Summary

Arbie Clay, Jr. ("Clay"), was convicted of Robbery, as a Level 5 felony;[1] Attempted Disarming of a Law Enforcement Officer, as a Level 5 felony;[2] two counts of Resisting Law Enforcement, one as a Level 6 felony and one as a Class A misdemeanor;[3] and Battery against a Public Safety Official, as a Level 6 felony.[4] Clay was sentenced to an aggregate term of imprisonment of six years. He now appeals.

We affirm.

# Issues

Clay raises one issue on review, which we restate as the following two issues:

    I.    Whether the trial court erred when it issued jury instructions with respect to Robbery; and

    II.    Whether there was sufficient evidence to sustain Clay's conviction for Robbery.

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. §§ 35-44.1-3-2 & 35-41-5-1.

[3] I.C. § 35-44.1-3-1(b)(1) & 35-44-3-3(a)(1).

[4] I.C. § 35-42-2-1(d)(2).

# Facts and Procedural History

[4] On the evening of April 20, 2016, Clay drove to the Handle Bar, a bar in Kokomo. Angelia Sharp ("Sharp") was working as bartender that day, and when Clay entered the bar, Sharp was delivering food to a table.

[5] When Clay entered the bar, he immediately went behind the counter and removed about $300 in cash from the cash box under the counter. Sharp saw Clay enter and, trying to make Clay return the money, stood at the entrance behind the counter. Clay pushed Sharp out of the way, shoving her into the counter and injuring her arm, causing bruising and soreness. Clay then ran out of the bar; Sharp and several patrons followed him, and saw a dark SUV leave the parking lot at a high rate of speed.

[6] The Kokomo Police Department was called, and several police cars began searching for the SUV Clay was driving. Several officers saw an SUV matching the description provided to police dispatch, and two police cars, driven by Officers Brandon Hector ("Officer Hector") and Noah Moody ("Officer Moody"), activated their emergency lights to initiate a traffic stop.

[7] Clay did not stop his vehicle, and instead led the officers on a chase through several streets and alleys in Kokomo. Eventually, Clay stopped his vehicle and fled on foot. Officers Hector and Moody gave chase and eventually caught up with Clay. A physical confrontation ensued, during which Clay struck Officer Hector multiple times on the chest, and grabbed at Officer Moody's pistol, despite several instances in which the officers used a Taser to subdue Clay. The

confrontation did not end until additional officers arrived and forced Clay to the ground and handcuffed him.

[8] On April 22, 2016, Clay was charged with Robbery, Attempted Disarming of a Law Enforcement Officer, two counts of Resisting Law Enforcement, and Battery against a Public Safety Official. The State also alleged that Clay was a Habitual Offender.[5] On November 23, 2016, the State dismissed the Habitual Offender allegation.

[9] A jury trial was conducted on November 29, 2016. During the trial, Clay testified that he believed himself to be guilty of Theft, but not of Robbery. After the close of evidence, Clay proffered to the court a proposed jury instruction for Theft; the trial court declined to issue the instruction. Other than offering an instruction on Theft, Clay did not object to any of the jury instructions the trial court issued.

[10] At the close of the trial, the jury found Clay guilty as charged. A sentencing hearing was conducted on January 25, 2017, and the trial court imposed an aggregate sentence of six years imprisonment.

[11] This appeal ensued.

---

[5] I.C. § 35-50-2-8(c).

# Discussion and Decision

## Jury Instruction

[12] Clay argues that the trial court issued erroneous jury instructions related to the Robbery charge, thereby impermissibly enlarging the nature of the charge filed by the State. The Indiana Supreme Court has set forth the law pertaining to our review of jury instructions:

> In reviewing a trial court's decision to give or refuse tendered jury instructions, this Court considers: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given.

*Davenport v. State*, 749 N.E.2d 1144, 1150 (Ind. 2001).

[13] Clay was charged with Robbery, as a Level 5 felony. The State's charging information alleged, "[Clay] did knowingly and intentionally take property from the presence of another person, by using force, to wit: threw [Sharp] out of his way." (App'x Vol. 2 at 11.)

[14] The Robbery statute provides, "A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Level 5 felony." I.C. § 35-42-5-1.

[15] The trial court issued jury instructions related to Robbery that Clay argues expanded the charges by instructing the jury on fear. Final Instruction 2 recited the State's charging information. Final Instruction 3 provided the text of the robbery statute quoted above. Final Instruction 14 defined "fear" as "an emotional state of mind created by anticipation of bodily injury." (App'x Vol. 4 at 17.) This is identical to the definition provided in the Indiana Pattern Jury Instructions, *see* Ind. Pattern Jury Instructs. 14.1610, and comports with the definition of fear set forth in Indiana cases, including *Rigsby v. State*: "a fear of bodily injury or personal harm is required to support a conviction requiring a person be put in 'fear.'" 582 N.E.2d 910, 912 (Ind. Ct. App. 1991) (citing *Koby v. State*, 209 Ind. 91, 97-98, 198 N.E. 88, 90 (1939)).

[16] Clay argues that the instructions related to fear were given in error and prejudiced him. The State contends that these were not given in error; that even if given in error the instruction was nevertheless not prejudicial; and that in any event Clay failed to object to the instruction, thereby inviting error on the trial court's part.

[17] Our review of the record discloses that Clay did not object to *any* of the instructions the trial court issued. As this Court has observed:

> Failure to object to an instruction at trial typically results in waiver of the issue on appeal. *Clay v. State,* 766 N.E.2d 33, 36 (Ind. Ct. App. 2002). If an instruction is so flawed that it constitutes fundamental error, however, waiver does not preclude review on appeal. *Id.* To qualify as fundamental, an error must be so prejudicial to the rights of the defendant as to make a fair

trial impossible. *Id.* Fundamental error is a substantial, blatant violation of due process. *Taylor v. State,* 717 N.E.2d 90, 93 (Ind.1999).

*Hall v. State*, 937 N.E.2d 911, 913 (Ind. Ct. App. 2010).

[18] Notably, Clay makes no claim of fundamental error, and thus waived the question of jury instruction upon appeal. Waiver notwithstanding, the jury instructions are not legally incorrect: the trial court instructed the jury on Robbery based upon the statutory elements. While the State did not directly charge fear in its information, there was evidence presented that Sharp was placed in fear because of Clay's actions toward her when he fled the bar, and the statutory elements of Robbery include being placed in fear. Moreover, there was evidence that Clay used force against Sharp when he took the cash from behind the bar's counter, and that the use of force in turn placed Sharp in fear. Finally, to the extent Clay suggests that the difference between fear and force amounts to a variance between the charging information and the jury instructions, we note that fear and force often rely upon similar evidence at trial, and that no fatal variance lies where the same evidence could prove either fear or force. See *Daniels v.* State, 957 N.E.2d 1025, 1028 (Ind. Ct. App. 2011) (noting that "convictions for robbery by placing a victim in fear have been affirmed in situations … where the more appropriate charge arguably would have been for a forcible taking of property").

Clay failed to object to the trial court's instructions, thus waiving the question of jury instruction for appeal, and has failed as well to establish any error in the court's instructions—let alone fundamental error.

## Sufficiency

Clay also challenges the sufficiency of the evidence supporting his conviction for Robbery. Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

To convict Clay of Robbery, as a Level 5 felony, the State was required to prove beyond a reasonable doubt that Clay knowingly or intentionally took property from the presence of another person, by using force—here, throwing Sharp out of his way. *See* I.C. § 35-42-5-1; App'x Vol. 2 at 11.

Clay's sufficiency argument appears to boil down to an observation that, at trial, he insisted he was guilty of Theft but not Robbery, and that his act of pushing Sharp aside and forcing her into a counter did not satisfy the force requirement of Robbery because it occurred as he was fleeing the bar. As to

Theft instead of Robbery, this Court has held with respect to the admissibility of evidence that "a criminal defendant may not stipulate her way out of the full evidentiary force of the case to be presented against her." *Kellett v. State*, 716 N.E.2d 975, 979 (Ind. Ct. App. 1999). Stipulating to an (uncharged) count of Theft did not afford an opportunity for Clay to avoid a conviction for Robbery.

[23] With respect to the use of force, our supreme court has held that "robbery by use of force requires that the force be used before the defendant completes taking the property from the presence of the victim." *Young v. State*, 725 N.E.2d 78, 80 (Ind. 2000). Here, Sharp testified that she stood in front of Clay to prevent him from leaving the counter area in the bar, and that Clay pushed her into the counter as he fled, causing bruising and soreness to Sharp's arm. Here, as in *Young*, force was used in flight from the victim and was "closely connected in time…place…and continuity" *id.* at 81, so that a reasonable jury could find that Clay's pushing of Sharp constituted use of force within the context of his taking of money from the bar. To the extent Clay would have us accept his admission to having committed Theft and his denial—premised upon his own testimony—that he committed Robbery, we must decline the invitation to reweigh evidence.

[24] We conclude that there was sufficient evidence to sustain the conviction.

# Conclusion

[25] The trial court's issuance of jury instructions was not in error. There was sufficient evidence to sustain Clay's conviction.

[26] Affirmed.

Vaidik, C.J., and Robb, J., concur.