## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2018, 6:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Toya K. Radford, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 9, 2018 <br><br> Court of Appeals Case No. <br> 49A02-1710-CR-2273 <br><br> Appeal from the Marion Superior <br><br> The Honorable Alicia A. Gooden, <br> Judge <br><br> The Honorable Jennifer L. Haley, <br> Commissioner <br><br> Trial Court Cause No. <br> 49G21-1606-F2-21068 |

**Najam, Judge.**

# Statement of the Case

Toya Radford appeals his conviction for dealing in cocaine, as a Level 2 felony, following a jury trial. He presents two issues for our review:

1. Whether the State presented sufficient evidence to support his conviction.

2. Whether the trial court committed fundamental error when it instructed the jury.

We affirm.

# Facts and Procedural History

On May 26, 2016, Indianapolis Metropolitan Police Department ("IMPD") Detective Dennis Wilkes and other IMPD officers executed a search warrant for 2919 East North Ralston in Indianapolis. When the officers arrived, they saw a young man, later identified as Radford's fifteen-year-old stepson, inside a window at the front of the house, and they asked him to let them inside. He refused, and the officers forced their way into the house. Inside, officers found two occupants, Radford's stepson and an unidentified adult male. Shortly after making their entry, officers apprehended Radford and another man, who were in the backyard.

Detective Wilkes read aloud the search warrant and *Miranda* rights for Radford and the other occupants. Radford stated that he lived at the residence with his brother and that Radford's stepson stayed there on occasion. Officers then began to search the one-story, three-bedroom residence. In one bedroom that

contained several personal items belonging to Radford, officers found a gun under the mattress and a magazine for the gun. In a kitchen cabinet, officers found a cooler containing thirteen grams of cocaine, a digital scale, baggies, and cash. After the officers had discovered the cocaine and other items in the kitchen but continued to search the residence, Detective Wilkes and Officer Craig McElfresh heard Radford say, "You all have found all I got." Tr. Vol. II at 106. Then, when officers searched Radford's person, they found $700 in cash in his pocket.

[5] The State charged Radford with dealing in cocaine, as a Level 2 felony, and possession of cocaine, as a Level 3 felony. During a phone call with his girlfriend while he was in jail, Radford stated, "I didn't really have s*** though . . . . It ain't really that bad as you probably was thinking it is. Probably like a C, C felony." State's Ex. 29. The State dismissed the possession charge prior to trial. A jury found Radford guilty of dealing in cocaine, as a Level 2 felony, and the trial court entered judgment and sentence accordingly. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

[6] Radford contends that the State presented insufficient evidence to support his conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59

N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[7] Radford's sole contention on appeal is that the State did not present evidence that he constructively possessed the cocaine. Evidence of constructive possession is sufficient if the State shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband. *Hardister v. State*, 849 N.E.2d 563, 573 (Ind. 2006). Where, as here, a person's control over the premises where contraband is found is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of the contraband. *Id.* at 574. Additional circumstances may include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs or weapons; (5) drugs or weapons in plain view; and (6) location of the drugs or weapons in close proximity to items owned by the defendant. *Id.*

[8] Here, the evidence shows that, after officers had searched the kitchen and found the cocaine in the kitchen cabinet, Radford told officers, "You all have found all I got." Tr. Vol. II at 106. And, while he was in jail, Radford made statements during a phone call with his girlfriend acknowledging possession of enough cocaine to support a Class C felony. Those are incriminating statements supporting a finding of constructive possession. In addition, the State presented evidence of a drug manufacturing setting, namely, a large amount of cocaine and cash, a digital scale, and baggies, which is another

factor showing constructive possession. *See Jones v. State*, 807 N.E.2d 58, 65 (Ind. Ct. App. 2004), *trans. denied*. Radford's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to support his conviction for dealing in cocaine.

### Issue Two: Jury Instructions

Radford contends that the trial court committed fundamental error when it instructed the jury. In particular, Radford maintains that the "jury instructions misled the jury by repeatedly suggesting the wrong *mens rea* and by failing to inform the jury of a statutory limitation on how the State could prove intent." Appellant's Br. at 13. We cannot agree.

Our Supreme Court set out the applicable standard of review as follows:

> Because instructing the jury is a matter within the sound discretion of the trial court, we will reverse a trial court's decision to tender or reject a jury instruction only if there is an abuse of that discretion. *Washington v. State*, 997 N.E.2d 342, 345 (Ind. 2013). We determine whether the instruction states the law correctly, whether it is supported by record evidence, and whether its substance is covered by other instructions. *Id.* at 345-46. "Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case." *Whitney v. State*, 750 N.E.2d 342, 344 (Ind. 2001) (quoting *Edgecomb v. State*, 673 N.E.2d 1185, 1196 (Ind. 1996)).
>
> Where, as here, the defendant failed to preserve an alleged instructional defect, the objection is waived, and reversal is warranted only in instances of fundamental error. *Wright v. State*,

730 N.E.2d 713, 716 (Ind. 2000). "Error is fundamental if it is 'a substantial blatant violation of basic principles' and where, if not corrected, it would deny a defendant fundamental due process." *Id.* (quoting *Brown v. State*, 691 N.E.2d 438, 444 (Ind. 1998)). This exception to the general rule requiring a contemporaneous objection is narrow, providing relief only in "egregious circumstances" that made a fair trial impossible. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).

*Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016).

[11] The State charged Radford with dealing in cocaine, as a Level 2 felony, under Indiana Code Section 35-48-4-1 (2015), which provided in relevant part that

(a) A person who:

\* \* \*

(2) possesses, with intent to:

(A) manufacture;

(B) finance the manufacture of;

(C) deliver; or

(D) finance the delivery of;

cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;

commits dealing in cocaine or a narcotic drug, a Level 5 felony, except as provided in subsections (b) through (e).

(b) A person may be convicted of an offense under subsection (a)(2) only if there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug.

\* \* \*

(e) The offense is a Level 2 felony if:

> (1) the amount of the drug involved is at least ten (10) grams; or

> (2) the amount of the drug involved is at least five (5) but less than ten (10) grams and an enhancing circumstance applies.

[12] Radford contends that three jury instructions were given in error: Preliminary Instruction No. 4, and Final Instructions Nos. 2 and 3, which read as follows:

> Preliminary Instruction No. 4:

> In this case, the State of Indiana has charged the Defendant with Count I: Dealing in Cocaine. The charge reads as follows:

> COUNT I

> On or about May 26, 2016, Toya K. Radford, did knowingly or intentionally possess with the intent to deliver cocaine, pure or adulterated, weighing at least 10 grams.

> The Defendant has entered a plea of not guilty.

> Upon the issues thus joined, the burden rests upon the State of Indiana to prove to each of you, beyond a reasonable doubt, every essential element of the charge contained in the information. The information, which has been filed against the

Defendant, is merely the formal method of charging him and the charge.

* * *

Final Instruction No. 2

COUNT I

The Defendant is charged in Count I with the offense of Dealing in Cocaine, which is defined by statute as follows:

A person who knowingly possesses with the intent to deliver cocaine, pure or adulterated, in an amount at least 10 grams or more commits Dealing in Cocaine.

To convict the Defendant of Count I, the State must have proved each of the following beyond a reasonable doubt:

1. On or about May 26, 2016

2. The Defendant, Toya K. Radford,

3. Knowingly

[4]. Possessed

[5]. With the intent to deliver

[6]. Cocaine, pure or adulterated,

[7]. Said cocaine having a weight of 10 grams or more

If the State fails to prove each of these elements beyond a reasonable doubt, you must find the Defendant, Toya K. Radford, not guilty of Dealing in Cocaine.

\* \* \*

Final Instruction No. 3

A person engages in conduct "knowingly" if, when he engages in this conduct, he is aware of a high probability that he is doing so.

Appellant's App. Vol. II at 71, 83-84.

[13] Radford maintains that Preliminary Instruction No. 4 and Final Instruction No. 2 "confused and misl[ed]" the jury on the *mens rea* required to convict him. Appellant's Br. at 20. And he maintains that Final Instruction No. 3, which defined "knowingly," further confused the jury on *mens rea*.

[14] In particular, Radford contends that the trial court did not instruct the jury that the State had to prove that he had the specific intent to deliver cocaine. Radford also contends that Final Instruction No. 2 "made no mention of the statutory limitation on how the State can prove intent" which "failed to inform the jury of what evidence the State was required to present in order to obtain a conviction." *Id.* at 22. Radford asserts that, "[b]ecause of these errors, the instructions as a whole misstated the law and misled the jury." *Id.* at 14. And he states that "the errors rise to the level of fundamental error because they are relevant to the central issue in the case—whether Radford constructively possessed the cocaine with the intent to deliver." *Id.*

[15] In support of his contentions, Radford states that these *mens rea* issues "are similar to those in the *Spradlin*[ *v. State*, 569 N.E.2d 948 (Ind. 1991)] line of attempted murder cases." *Id.* at 18. Under the *Spradlin* rule, a jury "should not

be instructed that a 'knowing' mens rea is sufficient to establish guilt of attempted murder, and our supreme court has found fundamental error and reversed attempted murder convictions where the jury was instructed that it could convict of attempted murder based on a 'knowing' mens rea." *Clay v. State*, 766 N.E.2d 33, 36 (Ind. Ct. App. 2002). "However, error in an attempted murder instruction does not rise to the level of fundamental error where either 1) the instructions as a whole sufficiently inform the jury of the requirement of intent to kill; and/or 2) the intent of the perpetrator was not a central issue at trial." *Id.*

[16] In *McKinley v. State*, 45 N.E.3d 25, 29 (Ind. Ct. App. 2015), *trans. denied*, this court addressed the same argument that Radford makes, namely, that a *Spradlin* error had occurred where the term "knowingly" was included in a jury instruction on the elements of possession of cocaine with intent to deliver. The defendant in *McKinley*, like Radford, had not objected to the alleged erroneous jury instructions and argued fundamental error. We held in relevant part as follows:

> assuming "knowingly" should not be included in a jury instruction on the elements of possession with intent to deliver,[] we believe the instructions in the present case sufficiently inform the jury of the requirement of intent to deliver. "Intent to deliver" was listed as an element of the offense during preliminary jury instructions, the State's closing argument, and final jury instructions. Moreover, closing arguments from both sides focused almost exclusively on whether the State had established McKinley's intent to deliver. The State emphasized the way the cocaine was packaged "ready to sell," the twenty-

seven $20 bills on McKinley's person, and the absence of paraphernalia or any other signs of personal use. Tr. at 180-84. Defense counsel claimed McKinley was a user, not a dealer. Defense counsel argued McKinley had just received his income tax return and fell victim to the "Sam's Club effect": "You go and buy in bulk [and] you get it cheaper." *Id.* at 188.

Under of the facts of this case, intent to deliver was the central issue at trial. Although defining "intent to deliver" may have been preferable, terms in common use that can be understood by a person of ordinary intelligence do not always need to be defined. *Manley v. State*, 656 N.E.2d 277, 279 (Ind. Ct. App. 1995), *trans. denied*. Reading the jury instructions as a whole and in the context of all the information given to the jury, we cannot say the instructions were misleading regarding the requirement of intent to deliver. Accordingly, we find no fundamental error in the trial court's instruction of the jury.

*Id.* at 31.

[17]  Radford attempts to distinguish the facts of this case from those in *McKinley*. In particular, he claims that, where McKinley had actual possession of cocaine, the State had to prove that Radford *constructively* possessed the cocaine found in his kitchen, which he shared with other residents. But we are not persuaded that that distinction warrants a different conclusion on the issue of fundamental error. Here, again, the State presented sufficient evidence that Radford possessed the cocaine. The trial court instructed the jury that the State had to prove that Radford had intent to deliver the cocaine. And the State presented evidence that the amount of cocaine, along with the digital scale, baggies, gun, and large amount of cash proved Radford's intent to deal.

[18] The State argues that because the evidence "overwhelmingly proved an intent to deliver . . . the injection of a 'knowingly or intentionally' *mens rea* element into the instructions is harmless and does not amount to fundamental error." Appellee's Br. at 18. We agree. Reading the jury instructions as a whole and in the context of all the information given to the jury, we cannot say the instructions were misleading regarding the requirement of intent to deliver. Indeed, Radford's defense at trial was that he did not possess the cocaine, so his intent to deliver was not a central issue at trial. We hold that the trial court did not commit fundamental error when it instructed the jury.

[19] Finally, Radford contends that the trial court committed fundamental error when it did not "inform the jury that it could not rely exclusively on the weight of the cocaine to infer Radford's intent." Appellant's Br. at 24. While that is an element of the charged offense, there is no evidence that the jury was instructed, or that the State suggested, that the jury *could* rely exclusively on the weight of the cocaine to infer Radford's intent. Indeed, the State presented testimony that the amount of cocaine, along with the digital scale, baggies, gun, and large amount of cash all together proved Radford's intent to deal. We cannot say that the trial court committed fundamental error when it instructed the jury.

[20] Affirmed.

Robb, J., and Altice, J., concur.